UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE WEAVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-10-1813 |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Remand (Doc. No. 8) filed by Plaintiff Wayne Weaver ("Plaintiff"). Upon considering the parties' filings and the applicable law, the Court concludes that the motion should be granted.

### I.   BACKGROUND

In this declaratory judgment action, Plaintiff is an insurance agent who possesses an "Insurance Agents Errors and Omissions Liability Policy" issued by Defendant Zurich ("Defendant"). In early 2009, Plaintiff was sued in state court by Teddy Ashford based on conduct related to Plaintiff's insurance sales.[1] After demanding that Defendant defend him in the Ashford suit, Plaintiff filed this suit in state court on March 24, 2010, seeking a declaratory judgment under the Uniform Declaratory Judgments Act, Tex. Civ. P. & Rem. Code, §§ 37.001 *et seq*.[2] Defendant removed this suit to federal court on May 20, 2010 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Defendant filed an

---

[1] Cause No. 2009-11223, *Keri Tedford a/n/f Teddy Ashford v. Wayne Weaver and First Financial Resources, LLC*, In the 165th Judicial District Harris County, Texas (the "Ashford suit").
[2] Cause No. 2010-18863, *Wayne Weaver v. Zurich Amer. Ins. Co.*, In the 11th Judicial District, Harris County, Texas.

1

answer to the complaint and a counterclaim seeking a declaration that it owes no duty to defend or indemnify Plaintiff in the Ashford suit. Plaintiff filed this Motion, seeking to remand the case to state court on the grounds that the amount in controversy does not exceed $75,000 and so there is no federal jurisdiction.

## II.     LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332. The party that seeks removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation," meaning "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "[W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the

evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

### III.  ANALYSIS

Whether the Court has jurisdiction under 28 U.S.C. § 1332 turns on whether the amount in controversy in this case exceeds $75,000.[3] The parties agree that, because this is a declaratory judgment action, the Court must look to the Ashford suit to determine the value of the declaratory relief sought. *See, e.g.*, *Monticello Ins. Co. v. Patriot Sec., Inc.*, 926 F. Supp. 97, 99 (E.D. Tex. 1996) (looking to underlying state court action). However, the parties disagree as to how to calculate the amount in controversy based on that lawsuit.

Defendant, who bears the burden of proof, argues that the Court should include in the amount in controversy: 1) all damages sought by Ashford, including statutory trebling; 2) the cost of defending the suit brought by Ashford; and 3) prosecution fees in this declaratory judgment action.  Plaintiff, on the other hand, argues that his petition for declaratory judgment in state court sought a declaration *only* that Defendant must defend him in the underlying action, *not* that Defendant must indemnify him. Therefore, Plaintiff, argues, because the cost of defending the underlying action is less than $75,000, the amount in controversy requirement is not met.

The Court finds that Defendant has not established the existence of federal jurisdiction by a preponderance of the evidence. The relief Plaintiff seeks in this declaratory judgment action relates to whether Defendant has a duty to *defend* Plaintiff in the Ashford suit, not whether Defendant has a duty to *indemnify* Plaintiff. *See, e.g.*,

---

[3] There is no dispute that the parties are citizens of different states.

*Century Sur. Co. v. Taylor Disposal Operating, Inc.*, 2009 WL 3633903, at *3 (W.D. Tex. Oct. 29, 2009) (in declaratory judgment action, discussing duty to defend and duty to indemnify as separate inquiries). Specifically, the petition states, "Weaver requests the court to make a determination that Zurich American Insurance Company has a duty to defend him in Cause No. 2009-11223 in the 165th Judicial District Court of Harris County, Texas, a claim brought against him by Keri Tedford, *et al*." (Doc. No. 10-1, at 3.) Nowhere does Plaintiff request that the court make a determination as to the duty of Defendant to indemnify him in the Ashford suit. Furthermore, the petition *does* refer to both defense and indemnity twice in the background section, referring to the insurance policy itself and to Plaintiff's initial letter demanding indemnification from Defendant. (*Id.*, at 2.) In that context, the absence of the word "indemnity" in the section requesting relief makes it difficult to interpret the petition as asking for relief related to indemnification.

Defendant points to the "Discovery-Control Plan" section of the petition, which states, "Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.3 because the amount in controversy is more than $50,000." (*Id.*, at 1.) The Court acknowledges that this seems inconsistent with Plaintiff's claim that he seeks relief only related to *defending* the Ashford suit, as that defense is unlikely to cost over $50,000. However, this statement does not suggest that the amount in controversy is more than $75,000, and is not by itself enough to meet Defendant's burden of establishing that the amount in controversy is sufficient.

Defendant also argues that its counterclaim seeking declaratory relief on the issue of indemnification (Doc. No. 7, at 11-14) was compulsory, and thus should be considered

in determining the amount in controversy. (Doc. No. 10, at 8-9.) If Defendant's counterclaim were permissive rather than compulsory under Texas law, it cannot be included in the amount in controversy. *See, e.g.*, *Meridian Aviation Service v. Sun Jet Intern.*, 886 F. Supp. 613, 615 (S.D. Tex. 1995) ("if counterclaims are to be considered, it is clear this rule must be limited to compulsory counterclaims").[4]

The Court will assume, for the sake of argument, that Defendant's counterclaim "arises out of the transaction or occurrence that is the subject matter of [Plaintiff's] claim and does not require for adjudication the presence of third parties of whom the court cannot acquire jurisdiction," and is thus compulsory. Tex. R. Civ. P. 97(a). The Court must determine whether the amount in controversy requirement is met when: 1) Plaintiff filed a suit in state court in which less than $75,000 was in controversy; 2) Defendant removed the case to federal court on the basis of diversity jurisdiction; and 3) Defendant filed a compulsory counterclaim the value of which exceeds $75,000. This question has never been directly addressed by the Fifth Circuit, and "never has been resolved satisfactorily by the federal courts." 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3706 (3d ed. 1998). However, several courts in this circuit facing this precise issue have held that a compulsory

---

[4] In determining whether counterclaims are compulsory or permissive for purposes of the amount in controversy requirement in diversity cases, courts have applied state law. *See, e.g.*, *Lange v. Chicago, R.I. & P.R. Co.*, 99 F. Supp. 1, 1 (S.D. Iowa 1951) ("counterclaim was compulsory under the Iowa Rules of Civil Procedure, Rule 29"); *Swallow & Associates v. Henry Molded Products, Inc.*, 794 F. Supp. 660, 661 (E.D. Mich. 1992) ("there is a significant split of decisions when the counterclaim is compulsory under the law of the state in which the underlying claim was brought"); *Meridian Aviation Service v. Sun Jet Intern.*, 886 F. Supp. 613, 615 (S.D. Tex. 1995) ("if compulsory counterclaims were considered, federal subject matter jurisdiction would be reliant on state law distinctions between compulsory and permissive counterclaims"); *Cabe v. Pennwalt Corp.*, 372 F. Supp. 780, 782 (W.D.N.C. 1974) ("such reasoning would seem to make federal removal procedure dependent upon state court practice and would thereby create numerous tests for federal removability and each federal court would have to determine initially whether a counterclaim was permissive or compulsory"); *Ingram v. Sterling*, 141 F. Supp. 786, 788 (D. Ark. 1956) (rejecting looking to compulsory counterclaims for amount in controversy because "[e]ach federal court would be called upon to decide whether the particular counterclaims with which it is faced would be described as 'compulsory' or 'permissive' under the local state practice").

counterclaim may not be considered in calculating the amount in controversy. *Meridian Aviation Service*, 886 F. Supp. at 615; *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 596-600 (E.D. La. 2008); *Thrash v. New England Mut. Life Ins. Co.*, 534 F. Supp. 2d 691, 693-97 (S.D. Miss. 2008); *Moseley & Standerfer, P.C. v. Han*, 1999 WL 305107, at *1 (N.D. Tex. May 11, 1999); *Gulf-South Piling & Construction, Inc. v. Traylor Bros., Inc.*, 1997 WL 332410, at *1-*3 (E.D. La. June 12, 1997). Although some other courts have included compulsory counterclaims in the amount in controversy, *see, e.g.*, *Swallow & Associates*, 794 F. Supp. at 660-63, "[t]he majority of courts that have considered this issue have determined that the amount in controversy is found solely by reference to the plaintiff's original complaint." *Meridian Aviation Service*, 886 F. Supp. at 615; *see also Thrash*, 534, F. Supp. 2d at 696-97 ("This is, in fact, the near unanimous rule.").

The Court agrees with the majority view and holds that the counterclaim may not be considered in determining whether the amount in controversy was sufficient to make removal proper. "Such a standard is consistent with the 'well-pleaded complaint rule' which holds that as a general rule, federal question jurisdiction is to be determined solely by reference to the plaintiff's complaint." *Meridian Aviation Service*, 886 F. Supp. at 615 (citing *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838 (1989)). It would be especially problematic to look beyond the plaintiff's claims in the removal context because "[r]emoval jurisdiction, being purely statutory and not constitutional, must be construed narrowly so as to limit federal jurisdiction and prevent encroachment on the right of state courts to decide cases properly brought before them." *Gulf-South Piling & Construction*, 1997 WL 332410, at *3 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-

6

09 (1941)). Moreover, it would prevent a plaintiff from being "the 'master of the claim' who may 'avoid federal jurisdiction' by carefully tailoring the allegations in his complaint." *Royal Cosmopolitan,* 629 F. Supp. 2d at 600 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831-32 (2002) (rejecting rule that "would leave acceptance or rejection of a state forum to the master of the *counterclaim*") (emphasis added). These concerns are particularly applicable where, as here, the defendant did not assert the counterclaim until after it removed the case to federal court. *Royal Cosmopolitan*, 629 F. Supp. 2d at 596 ("Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the court's jurisdiction is fixed as of the time of removal."); *see also Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (district court erred in considering counterclaims in amount in controversy because they were not filed until after federal complaint).[5] Accordingly, construing the removal statute strictly and resolving doubts in favor of remand, *see Gasch*, 491 F.3d at 281-82, the Court finds that Defendant's counterclaim may not be considered in determining the amount in controversy.[6]

---

[5] Some cases have held that compulsory counterclaims may be considered in determining the amount in controversy when the case was originally filed in federal court, rather than removed from state court. *See, e.g.*, *Spectacor Management Group v. Brown*, 131 F.3d 120, 121 (3d Cir. 1997). However, such cases are less relevant to the issue before the Court because they do not involve the need to narrowly construe the removal statute. *See id.* at 125-26 (discussing differences between removal and original jurisdiction contexts); *Royal Cosmopolitan*, 629 F. Supp. 2d at 600 (same).

[6] Contrary to Defendant's contention, the Fifth Circuit and Supreme Court decisions in *Liberty Mut. Ins. Co. v. Horton* are not to the contrary. 275 F.2d 148 (5th Cir. 1960), *aff'd*, 367 U.S. 348 (1961). *Horton* did not deal with removal, but rather an action originally in federal court, and has not been applied in the

Defendant has presented no evidence that the cost of defending the Ashford suit, nor the cost of prosecuting this declaratory judgment suit, would exceed $75,000. (*Cf.* Doc. No. 10, at 5 (stating, without evidence, that "Weaver's estimate of defense costs in the underlying action and his estimate of his prosecutorial fees in this matter appear on their face to be underestimated.").) Defendant has failed to prove that "the value of the right to be protected or the extent of the injury to be prevented" in this declaratory judgment action exceeds $75,000. *See Leininger*, 705 F.2d at 729. Therefore, there is no federal jurisdiction under 28 U.S.C. § 1332, and it is appropriate to remand the case to state court.

## IV.   CONCLUSION

The Motion to Remand (Doc. No. 8) is **GRANTED**. This action is hereby **REMANDED** to the 11th Judicial District of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 1st day of October, 2010.

---

context of the removal statute, which must be narrowly construed in favor of remand. *See Thrash*, 534 F. Supp. 2d at 695-96 ("the Horton rule does not apply to removed actions, and most assuredly not to one such as this, where the defendant did not file its counterclaim until after the case had already been removed"); *Horton*, 367 U.S. at 352 (discussing statutory distinction between removal cases and instant case). Indeed, *Horton* has been widely viewed by courts and commentators as limited to its particular circumstances. *See, e.g.*, *Gulf-South Piling*, 1997 WL 332410, at *2 n.4 ("The 5th Circuit's decision in Horton turned not on its adherence to any 'long established rule' but on a state law provision which governed the determination of the amount in controversy in workers' compensation cases in Texas."); *Royal Cosmopolitan*, 629 F. Supp. 2d at 597-98 ("the unusual circumstances of the case make it 'difficult to the point of impossibility to state the principle for which the Horton decision stands'") (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3706 (3d ed. 1998)). At the very least, *Horton* is not binding precedent in the context of a counterclaim that has been made after the case was removed to federal court.

8

9

_____

KEITH P. ELLISON  
UNITED STATES DISTRICT JUDGE